**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVE CERWIN, | : | Case No. 17 CV 9265 |
| | : | |
| Plaintiff, | : | JUDGE JOHN Z. LEE |
| | : | |
| vs. | : | **DEFENDANT'S ANSWER TO** |
| | : | **PLAINTIFF'S COMPLAINT** |
| PILOT TRAVEL CENTERS LLC., d/b/a | : | |
| PILOT FLYING J, | : | |
| | : | |
| Defendant. | : | |

For its Answer and Affirmative Defenses to Plaintiff's Complaint, Defendant, Pilot Travel Centers LLC., d/b/a Pilot Flying J ("Defendant" or "Pilot") states as follows:

**Nature of the Action**

1. Defendant admits only that Plaintiff purports to bring this action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1990. Defendant denies the remaining allegations contained in Paragraph 1. Defendant also states that Plaintiff does not have a legitimate cause of action against it and is not entitled to any relief.

**JURISDICTION AND VENUE**

2A. The Complaint contains two Paragraph 2s. To avoid confusion, Defendant will refer to the first Paragraph 2 as Paragraph 2A, and the second Paragraph 2 as Paragraph 2B. Paragraph 2A sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies that this Court has jurisdiction over this action, and that venue is proper, and further denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief. Defendant denies the remaining allegations in Paragraph 2A.

**PARTIES**

2B. The Complaint contains two Paragraph 2s. To avoid confusion, Defendant will refer to the first Paragraph 2 as Paragraph 2A and the second Paragraph 2 as Paragraph 2B. Defendant admits that Plaintiff is a male and was employed by Defendant as a maintenance worker at Defendant's Minooka facility. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 2B and therefore denies same.

3. Defendant denies the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4.

5. Paragraph 5 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant admits the allegations contained in Paragraph 5.

**FACTUAL BASIS**

6. Defendant denies the allegations contained in Paragraph 6.

7. Defendant admits that it is a company committed to equal employment opportunity, and that Defendant has a policy prohibiting discrimination against the disabled. Defendant denies the remaining allegations contained in Paragraph 7.

8. Defendant denies the allegations contained in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant admits that Exhibit A and B are attached to the Complaint and states that the contents of the exhibits speak for themselves. Defendant denies the remaining allegations contained in Paragraph 12.

## AS AND FOR A SECOND CAUSE OF ACTION
### (ADA RETALIATION)

13. Defendant incorporates the responses above.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

Plaintiff's Prayer For Relief requests relief to which Plaintiff is not entitled. Defendant denies that Plaintiff is entitled to any relief.

## AS AND FOR A THIRD CAUSE OF ACTION
## COMPLAINT FOR RETALIATORY DISCHARGE
### (Pendant Jurisdiction)

**I.** **Preliminary Statement**

III-1. Plaintiff inexplicably begins renumbering his Paragraphs midway through the Complaint, such that there are two of Paragraphs 1 and 3-11, and three Paragraph 2s. All answers in this section pertain to Plaintiff's third cause of action, as reflected by the prefix "III" before the Paragraph number. Defendant admits that Plaintiff purports to bring a claim for retaliatory discharge. Defendant denies that Plaintiff has a legitimate cause of action against it or is entitled to any relief. Defendant denies the remaining allegations in Paragraph III-1.

**II.** **Venue**

2. Defendant denies that venue is proper in this Court, and denies it has committed any act that would entitle Plaintiff to any relief. Defendant further denies the remaining allegations in Paragraph III-2.

### III.  Factual Allegations for Retaliatory Discharge

3.  Defendant denies the allegations in Paragraph III-3.

4.  Defendant denies the allegations in Paragraph III-4.

5.  Defendant admits that Plaintiff's employment was terminated. Defendant denies the remaining allegations in Paragraph III-5.

10. The Complaint jumps from Paragraph 5 to Paragraph 10 under Plaintiff's third cause of action. There are no Paragraphs 6-9 listed under Plaintiff's third cause of action. Defendant denies the allegations in Paragraph III-10.

11. Defendant denies the allegations in Paragraph III-11.

Plaintiff's Prayer For Relief requests relief to which Plaintiff is not entitled. Defendant denies that Plaintiff is entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims and/or allegations is barred by the applicable and/or contractual statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are barred by waiver, estoppel, laches and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

### **SIXTH AFFIRMATIVE DEFENSE**

An award of front pay would be inequitable.

### **SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff was terminated for a legitimate nondiscriminatory reason.

### **EIGHTH AFFIRMATIVE DEFENSE**

Defendant engaged with Plaintiff in the interactive process and provided a reasonable accommodation.

### **NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by an agreement to arbitrate.

### **TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he is required to comply with Defendant's policies and procedures to pursue claims under the employer's policy for arbitration.

### **ELEVENTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction in this case.

### **TWELFTH AFFIRMATIVE DEFENSE**

This Court is not the proper venue.

### **THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional defenses.

Respectfully submitted,

/s/ Allison L. Goico
Alison L. Goico, Esq. (Ill. Bar No. 6290235)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
E-mail: allison.goico@dinsmore.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of January, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Michael T. Smith 10 N. Martingale Suite 400, Schaumburg, Ill. 60173.

                              /s/ Allison L. Goico